**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

GROCERY HAULERS, INC.                                      Case No. 11 CIV 3130 (JSR)

:

                              Plaintiff,

:

              v.

:

C&S WHOLESALE GROCERS, INC.

:

                              Defendant.

:

------------------------------------------------------------x

**C&S WHOLESALE GROCERS, INC.'S PROPOSED JURY INSTRUCTIONS**

Submitted by,

C&S WHOLESALE GROCERS, INC,

By its attorneys,

/s/ John F. Sylvia_____
John F. Sylvia, Esq.
Benjamin L. Hincks, Esq. (Admitted *pro hac vice*)
Michael J. Ticcioni, Esq. (Admitted *pro hac vice*)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
Chrysler Center
666 Third Avenue, 25th Floor
New York, New York 10017
T: (212) 935-3000
F: (212) 983-3115
jsylvia@mintz.com
bhincks@mintz.com
mjticcioni@mintz.com

Dated: January 22, 2013

**INSTRUCTION NO. ___**

## <u>GENERAL INTRODUCTION</u>

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

<u>Authority:</u>

Federal Pattern Jury Instructions § 103.01.

**INSTRUCTION NO. ___**

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness:  "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose - such as for the purpose of assessing a witness' credibility - you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

3

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.


Authority:

Modern Federal Jury Instructions, ¶74-1.

**INSTRUCTION NO. ___**

## BURDEN OF PROOF

This is a civil case and as such, the plaintiff, GHI, has the burden of proving the material allegation of its complaint by a preponderance of the evidence.  Similarly, with respect to the counterclaims that have been made by C&S, the burden of proof is upon C&S to prove the material allegations of those counterclaims by a preponderance of the evidence.

Authority:

Modern Federal Jury Instructions, ¶73-1.

**INSTRUCTION NO. ___**

<u>**PREPONDERANCE OF THE EVIDENCE**</u>

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that its claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – they must prove the element at issue by a preponderance of evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

6

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to this case and you should put it out of your mind.

Authority:

Modern Federal Jury Instructions, ¶73-2.

**INSTRUCTION NO. ___**

### **"DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE -- DEFINED**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

8

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all of the evidence presented.

Authority:

Modern Federal Jury Instructions, ¶74-2

**INSTRUCTION NO. ___**

## STIPULATED FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Authority:

Modern Federal Jury Instructions, ¶74-4

**INSTRUCTION NO. ___**

### WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his

intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority:

Modern Federal Jury Instructions, ¶76-1

**INSTRUCTION NO. ___**


**<u>EXPERT WITNESSES</u>**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence in reaching an independent decision on the fact.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allow the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.


<u>Authority:</u>

Modern Federal Jury Instructions, ¶76-9

**INSTRUCTION NO. ___**


<u>**DEFENDANT'S COUNTER-CLAIMS**</u>

Defendant C&S claims that Plaintiff GHI:

(1)     Breached a material obligation in the Trucking Agreement, entitling C&S to

terminate the agreement and causing C&S to suffer damages;

(2)     Breached the Waybill for each of the re-routed shipments causing C&S damages;

and

(3)     Violated the Truth in Billing statute causing C&S damages.

Prior to the trial, I determined as a matter of law that GHI did breach the Trucking

Agreement by re-routing deliveries of C&S's goods to unauthorized recipients and did violate

the Truth in Billing statute.  First, I determined that GHI breached section 2.01 of the Trucking

Agreement because it did not deliver goods to the Stores as defined and listed in the contract.

Second, I determined that GHI breached section 6.01 of the Trucking Agreement which required

that GHI comply with all applicable laws.  The law that I found GHI violated is a federal statute

commonly referred to as the Truth in Billing statute.  It required GHI to disclose the actual rates,

charges or allowances for its transportation services.  These findings are now the law of the case

and you cannot disagree with or disregard them.

What is left for you to determine is:

(1)     Whether any of GHI's breaches was of a material obligation in the Trucking

Agreement;

14

(2)     Whether any of GHI's breaches of the Trucking Agreement were not curable;

(3)     Whether one or more of GHI's breaches of the Trucking Agreement was willful;

(4)     Whether one or more  of GHI's breaches of the Trucking Agreement caused C&S damages;

(5)     Whether GHI breached any of the Waybills for the re-routed shipments;

(6)     If so, whether any of GHI's breaches of the Waybills caused C&S damages; and

(7)     Whether GHI's violations of the Truth In Billing statute caused C&S damages.

(8)     The amount of damages, if any, caused by GHI's breaches and/or violations.

I will now instruct you on the law with respect to each of these determinations.

INSTRUCTION NO. ___

## **BREACH OF MATERIAL OBLIGATION**

I have already instructed you that as a matter of law, GHI breached the Trucking Agreement.  You must now determine whether any breach was a breach of a material obligation in the Trucking Agreement.  Something is considered material when it goes to the root or the essence of the parties' bargain or is something which touches on its fundamental purpose.

Here, C&S claims that GHI's unauthorized re-routing of deliveries breached GHI's material obligation under the Trucking Agreement to deliver C&S' goods to the locations that C&S designated. You must determine whether GHI's obligation to carry the goods to the designated stores was a fundamental purpose of the parties' bargain and was thus material.

Authority:

*New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 117 (2d Cir. 2006);
*Frank Felix Associates, Ltd. V. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997);

INSTRUCTION NO. ___

## CURABILITY

If you determine that GHI breached a material obligation of the Trucking Agreement, you must next determine whether the breach was curable by GHI. In making this determination, you may consider that the law recognizes that the breaching party need not be given an opportunity to cure where the acts constituting the breach were fundamentally dishonest or otherwise irreparably damaged the trust between the contracting parties, because when that happens no attempted cure could restore the business trust and confidence of the non-breaching party, and the law does not require a non-breaching party to prolong a contractual relationship under such circumstances.

Authority:

*Southland Corp. v. Froelich*, 41 F. Supp.2d 227 (E.D.N.Y. 1999); *LJL Transportation, Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 652 (Pa. 2009); *Larken Inc v. Larken Iowa City Ltd. P'Ship*, 589 N.W.2d 700 (Iowa 1999).

**INSTRUCTION NO. ___**

<u>**WILLFUL BREACH**</u>

To do an act willfully means to intentionally do an act purposefully and know that the act is being done. In other words, here, you must determine whether GHI purposefully and intentionally did an act, for example, delivered goods to an unauthorized store.  C&S need not prove that GHI *knew* that such an act was a breach of the contract, rather only that GHI intended to accomplish the act.

<u>Authority:</u>

*Sabella v. Scantek Med., Inc.*, 2009 U.S. Dist. LEXIS 88170 (S.D.N.Y. Sept. 21, 2009); *Lavanant v. State Div. of Housing & Community Renewa*l, 148 A.D.2d 185 (N.Y. App. Div. 1st Dep't 1989); *Zumo Mgmt., Inc. v. State Div. of Hous. & Community Renewal*, 183 Misc. 2d 107 (N.Y. Sup. Ct. 1999); Black's Law Dictionary  [9th ed 2009] ("Willful: voluntary and intentional, but not necessarily malicious").

**INSTRUCTION NO. ___**

## BREACH OF CONTRACT – BILLS OF LADING

C&S has also claimed that GHI breached each of Waybill that governed each re-routed delivery.  The law requires a finding of a breach of contract when the claimant proves by a preponderance of the evidence that there was:

      (1)     an agreement between the parties;

      (2)     adequate performance by the claimant;

      (3)     a breach of the agreement; and

      (4)     damages.

As a matter of law, I have already decided that each Waybill is an enforceable Bill of Lading, or enforceable agreement, Thus, you must first determine whether C&S adequately performed its obligations under each Waybill. Next, you must decide whether GHI breached that Waybill by delivering C&S goods to a location different from the location which was specified on each Waybill. Finally, if you determine that GHI breached any of the Waybills, you need to then calculate the amount of damages, if any, C&S is due for GHI's breach.  I will instruct you separately on how to calculate damages.

Authority:

*Fischer & Mandell, LLP v. Citibank, N.A.,* 632 F. 3d 793, 799 (2d Cir. 2011)

19

**INSTRUCTION NO. ___**

### TRUTH IN BILLING CLAIM – 49 U.S.C. 13708

Prior to trial, I determined that GHI violated one section of federal law known as the "Truth In Billing" statute which requires motor carriers to disclose the actual rates, charges or allowances for any transportation service. GHI violated this statute when it submitted invoices that contained inaccurate miles for deliveries.  This finding of a violation is the law of the case and you may not discount or disagree with my finding.

C&S can only recover damages for GHI's violation of this federal statute, however, if it proves by a preponderance of the evidence that it sustained damages as a result of GHI's violation.  Therefore, you must determine whether GHI's incorrect invoices caused C&S harm. You may consider whether the incorrect charges caused C&S to overpay for misdirected shipments.

Authority:

49 U.S.C. §13708; 49 U.S.C. §14704

**INSTRUCTION NO. ___**

<u>**DAMAGES**</u>

Under New York law, when an agent is disloyal to its principal or acts in a manner inconsistent with the agency or trust, the principal is entitled to recover any compensation that was paid to the agent during the period the agent was disloyal.  Thus, if you find that GHI's established breaches of the Trucking Agreement or any breach of the Bills of Lading or established violations of the Truth in Billing statute caused C&S damage, you should calculate that harm by examining the amounts C&S paid GHI during the period of disloyalty.

The parties have presented their evidence as to what those damages are for this period of time.  It is now up to you to determine the proper amount, if any, that C&S should be awarded for GHI's breaches and violations.

With respect to awarding damages, however, you should keep in mind that it does not make any difference whether the services rendered by GHI were beneficial to C&S or not, nor is C&S required to demonstrate that it suffered any specific damages as a result of GHI's breach.  Here, you may not offset any benefit that C&S may have received from the shipments that were re-routed by GHI.  If GHI's breaches caused C&S harm, C&S has the right to recover the compensation it paid GHI during the period of the breaches.  You must decide (a) what period did GHI's phase of disloyalty span, and (b) what, if any, compensation GHI should have to forfeit for this period as damages.

<u>Authority:</u>

*Phansalkar v. Andersen Weinroth & Co.,* 344 F.3d 184, 200 (2d Cir. 2003); *Musico v. Champion Credit Corp.*, 764 F.2d 102, 113 (2d Cir. 1985); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 301 (2d Cir. 2006).

**INSTRUCTION NO. ___**

### <u>NOMINAL DAMAGES</u>

If you find, after considering all the evidence presented, that C&S suffered no injury as a result of GHI's breach of the Trucking Agreement, any breach of the Waybills you may find, or violations of the Truth in Billing statute, you may still award C&S "nominal damages." "Nominal damages" are award as recognition that C&S' rights have been violated.  You would award nominal damages if you conclude that the only injury that C&S suffered was the deprivation of its contractual rights, without any resulting physical, emotional or financial damage.

You may not award both nominal and compensatory damages to C&S; either C&S was measurably injured, in which case you must award compensatory damages, or else it was not, in which case you may award nominal damages.

Nominal damages may not be award for more than a token sum.

<u>Authority:</u>

Modern Federal Jury Instructions, ¶77-6

**INSTRUCTION NO. \_\_\_**

## SPECIAL VERDICT FORM

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no," unless otherwise indicated.  Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question (except where the verdict form indicates otherwise).  [Proposed] Special Verdict Form attached at Exhibit A.

Authority:

Modern Federal Jury Instructions, ¶78-9

**<u>Certificate of Service</u>**

I hereby certify that Defendant's *Proposed Jury Instructions*, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 22, 2013.


/s/ John F. Sylvia_____